**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2115
_____

ELIO RUBEL SALGUERO-GALDAMEZ,
                                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                    Respondent
_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A206-010-468)
Immigration Judge: Charles M. Honeyman
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 22, 2019

Before: CHAGARES and BIBAS, *Circuit Judges*, and SÁNCHEZ,* *Chief District Judge*

(Filed: February 13, 2019)
_____

OPINION**
_____

---

* The Honorable Juan R. Sánchez, Chief District Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not an opinion of the full Court and under I.O.P. 5.7 is not binding precedent.

BIBAS, *Circuit Judge*.

Aliens may try to reopen their removal proceedings. But there is a time limit, and Elio Salguero-Galdamez missed it. So he must identify an exception to the time limit. He invokes only one: that the conditions in his home country have changed since his prior proceeding. But he offers no evidence of this. And while Salguero-Galdamez challenges the Board of Immigration Appeals' refusal to exercise its discretion to reopen sua sponte, we lack jurisdiction over that decision. So we will deny this petition in part and dismiss it in part.

Salguero-Galdamez is a citizen of Guatemala and concedes that he is removable. To prevent his removal, he applied for asylum, withholding of removal, and relief under the Convention Against Torture. He claimed that he feared persecution because he is young and he and his family own property. But an immigration judge denied that application, and the Board affirmed.

Yet Salguero-Galdamez was not removed right away. More than a year later, he moved to reopen the proceedings based on changed circumstances: he has now "disclos[ed] that he is a homosexual and fear[s] … returning to" Guatemala because he has come out. AR 17. But the Board denied his motion as untimely. And it declined to exercise its discretion to reopen sua sponte.

So Salguero-Galdamez petitioned for review of those decisions. To the extent that we have jurisdiction, we review for abuse of discretion. *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004).

Motions to reopen are disfavored. *Id.* at 561. As a rule, an alien may file only one such motion and must do so within ninety days of the Board's decision. 8 U.S.C. § 1229a(c)(7)(A) & (c)(7)(C)(i). Salguero-Galdamez filed his motion more than a year too late.

But this time limit has a few exceptions. Salguero-Galdamez gestures at only one: that the conditions in Guatemala have materially changed since his prior proceeding. *Id.* § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). He bears the burden of proof on this exception. *Pllumi v. Att'y Gen.*, 642 F.3d 155, 161 (3d Cir. 2011). He has not met that burden.

Salguero-Galdamez offers no evidence that conditions in Guatemala have grown worse for him. While he claims that he came out only recently, that does not show a change in Guatemala. *See Khan v. Att'y Gen.*, 691 F.3d 488, 497-98 (3d Cir. 2012). We are conscious that this process may have been difficult for him. But he has to show that *country* conditions have changed. He has not. So the time limit applies, and his motion is time-barred.

Salguero-Galdamez raises one last claim: that the Board should have reopened his proceeding sua sponte. But the Board's discretion to do so is typically unfettered, so as a rule we lack jurisdiction over it. *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651 (3d Cir. 2017). To be sure, we would retain jurisdiction if the Board relied on an incorrect legal premise or limited its discretion by a rule or a settled course of adjudication. *Id.* at 651-53. But Salguero-Galdamez points to none of these grounds, and we see no support for them. So we lack jurisdiction. We will thus deny the petition in part and dismiss it in part.